FILED
SEP - 3 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| PASQUALE J. GUERRIERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Complaint |
| v. | ) | |
| | ) | |
| S. A. MAYO, | ) | Case No.: 2:15cv385 |
| | ) | |
| Defendant. | ) | |
| | ) | Plaintiff Demands Trial by Jury |
| SERVE: S. A. Mayo | ) | |
| 304 Albemarle Drive | ) | |
| Chesapeake, VA 23322 | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff Pasquale J. Guerriero, by counsel, and for his Complaint against Defendant S. A. Mayo for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) represents punitive damages, together with the costs, interests and expenses of this action, and Plaintiff's reasonable attorneys' fees, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Pasquale J. Guerriero brings this action pursuant to 42 U.S.C. § 1983 and alleges a violation of the Fourth Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States. This Court also has jurisdiction over this action pursuant to 28

RECEIVED

2015 SEP -3 P 4: 02

CLERK, US DISTRICT COURT
NORFOLK, VIRGINIA

U.S.C. § 1343(a)(3) because it seeks to redress the deprivation, under color of State law, of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

3. Plaintiff Pasquale J. Guerriero (hereinafter "Plaintiff" or "Mr. Guerriero") is a United States citizen and resident of Virginia.

4. Defendant S. A. Mayo (hereinafter "Defendant") is a citizen and resident of Virginia.

## COUNT I: UNREASONABLE SEIZURE OF PLAINTIFF'S PERSON IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

5. Paragraphs 1-4, as set forth above, are re-alleged and incorporated herein by reference.

6. Count I is brought against Defendant in her individual capacity while serving as a police officer with the Police Department of the City of Chesapeake, Virginia.

7. At all times herein, Plaintiff was employed by the City of Chesapeake and worked as a Police Information Associate as a member of the Chesapeake Police Department staff.

8. At all times herein, Defendant was employed as a police officer with the Police Department of the City of Chesapeake and was acting under the color of state law and within the course and scope of her employment.

9. Plaintiff's employment position with the City of Chesapeake entailed helping citizens with filing police reports.

10. Plaintiff was one of many Police Information Associates working for the City of Chesapeake.

11. Ordinarily, as a condition of his employment, a Police Information Associate such as Plaintiff would not be allowed to view police reports filed by other Police Information Associates.

12. If directed by a supervisor, however, a Police Information Associate has an obligation and duty to view and investigate a police report filed by a fellow Police Information Associate.

13. On November 26, 2013, Plaintiff was arrested by Defendant and charged with one count of misdemeanor computer invasion in violation of Va. Code Ann. § 18.2-152.5.

14. On May 12, 2014, the Commonwealth's Attorney for the City of Chesapeake moved for an entry of *nolle prosequi* on the above-referenced charge in the General District Court for the City of Chesapeake.

15. On June 5, 2014, Plaintiff was arrested by Defendant on eight counts of misdemeanor computer invasion in violation of Va. Code Ann. § 18.2-152.5.

16. On December 16, 2014, Plaintiff was tried and found not guilty on all eight counts referenced above after a bench trial in the Circuit Court for the City of Chesapeake.

17. Upon information and belief, Plaintiff was arrested by Defendant on each of the above-referenced charges for viewing police reports filed by Police Information Associates other than himself.

18. Any such report(s) viewed by Plaintiff was viewed as a direct and proximate result of Plaintiff being told by a supervisor to view said report(s).

19. Defendant seized Plaintiff's person and subsequently placed him under formal arrest on each count of misdemeanor computer invasion referenced above without any probable cause of criminal wrongdoing in violation of the Fourth Amendment's prohibition against unreasonable government seizures of United States citizens

20. Plaintiff submitted to Defendant's show of official police authority when Defendant placed her hands on Plaintiff's person.

21. Defendant thus seized Plaintiff's person for purposes of Fourth Amendment analysis when she placed her hands on Plaintiff's person.

22. Each Defendant is subject to liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

23. The Fourth Amendment to the United States Constitution provides in relevant part that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

24. The Fourth Amendment was made applicable to the States by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

25. The rights of citizens under the Fourth Amendment are clearly established.

26. Plaintiff was "seized" for purposes of Fourth Amendment analysis when his freedom of movement was curtailed by Defendant's show of official police authority.

27. Defendant seized Plaintiff's person without probable cause.

28. Because Defendant's seizure of Plaintiff's person was without legal justification it was therefore unreasonable.

29. Defendant deprived Plaintiff of his Fourth Amendment rights when Defendant unreasonably seized Plaintiff's person.

30. Defendant deprived Plaintiff of his Fourth Amendment rights when she placed Plaintiff under formal arrest for computer invasion without the legally requisite probable cause.

31. Because Defendant had no probable cause to arrest Plaintiff, Defendant's seizure of Plaintiff's person was not reasonable, and thus a violation of Plaintiff's Fourth Amendment rights under the Constitution of the United States. Defendant is subject to civil liability pursuant to 42 U.S.C. § 1983 because Defendant violated Plaintiff's Fourth Amendment rights.

32. Plaintiff sustained the following damages as the proximate result of Defendant's unlawful conduct: lost wages, attorney's fees to defend himself in his criminal matters, pain, suffering, inconvenience, and mental anguish.

33. Defendant, as a government official, is not protected by the doctrine of qualified immunity from liability for civil damages because the conduct of Defendant violated clearly established statutory or constitutional rights of which a reasonable officer would have known.

34. Punitive damages are demanded because Defendant was recklessly and/or callously indifferent to the federally protected rights of Plaintiff – namely Plaintiff's Fourth Amendment right to be free from unreasonable seizures of his person – when Defendant placed Plaintiff under arrest without the legally requisite probable cause.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Pasquale J. Guerriero, by counsel, demands for:

A. Judgment against Defendant S. A. Mayo for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) represents punitive damages;

B. An order awarding Plaintiff's costs, expenses, and Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

C. Trial by jury.

PASQUALE J. GUERRIERO

By: *[signature]*
*Of Counsel*

S. W. Dawson, Esq. (VSB #83166)
DAWSON, P.L.C.
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@dawsonplc.com
*Counsel for Plaintiff*